USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: December 13, 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
:
SCOTT BOEHM and DAVID STLUKA,   :
:
           Plaintiffs,   :
:      13 Civ. 1031 (PAC)
  -against-   :
:
DAN ZIMPRICH, CIARA ZIMPRICH, and   :      MEMORANDUM OPINION &
LEGENDS OF THE FIELD, LLC,   :      ORDER
:
           Defendants.   :
:
-------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

      In this case, Plaintiffs Scott Boehm and David Stluka allege that Defendants made unauthorized use of Plaintiffs' copyrighted photographs. Defendants Dan and Ciara Zimprich now move for an order dismissing the Complaint for lack of personal jurisdiction and for *forum non conveniens*, or, in the alternative, transferring the action to "the federal district court in Madison, Wisconsin." For the reasons set forth below, the action is TRANSFERRED to the Western District of Wisconsin.

## BACKGROUND

      Plaintiffs are professional photographers who specialize in sports-related photography. (Compl. ¶¶ 11–12.) During the time relevant to this case, they licensed their photographs through Getty Images (US), Inc. ("Getty Images" or "Getty"). (*See* Compl. ¶¶ 14, 36.) Their Complaint alleges that Defendants infringed their copyrights by exceeding the limited scope of the inexpensive "editorial" licenses that Defendants purchased through Getty Images, and in some cases by copying the photographs without ever purchasing a license. (Compl. ¶¶ 19–20,

1

26.)

None of the parties are New York residents. Defendants Dan and Ciara Zimprich are Wisconsin residents. (Defs.' Op. Br. 2.) Defendant Legends of the Field, LLC ("Legends") allegedly has corporate offices and retail stores in Wisconsin, and previously operated a store in Illinois. (Compl. ¶ 7.)[1] Plaintiffs Stluka and Boehm do not dispute that they are residents of Wisconsin and Illinois, respectively. (*See* Defs.' Op. Br. 2.) The Zimpriches' alleged infringing activity—*i.e.*, the copying and sales of Plaintiffs' works—occurred in Wisconsin. (Compl. ¶ 6; Pls.' Br. 11.)

This case's only nexus with New York is through Defendants' use of non-party Getty Images' website to obtain licenses for Plaintiffs' photographs. Although Getty is headquartered in Seattle, its "edit desk" for its sports collection photos is in New York. (Pls.' Br. 2.) Plaintiffs contend that "Getty Images' New York office thus was responsible for editing and uploading Plaintiffs' images to its website and also handled licensing of their works." (*Id.* at 3.) Plaintiffs also argue that two facts should have put Defendants on notice that they were making contacts with New York when using Getty's website. First, Defendants could have (but need not have) navigated to the "Contact Us" page, which lists Getty's New York location, among three others. (*See* Pls.' Br. 3.) Second, the license agreements provided that they were governed by New York law and were subject to arbitration in one of a list of cities that was closest to Defendants—in this case, New York. (Pls.' Br. 6.)[2] Plaintiffs do not dispute that Defendants never sold or advertised their products in New York or physically entered the state. (*See* Defs.' Br. 2–3.)

---

[1] Legends has not appeared in this case or responded to the Complaint.

[2] Plaintiffs are not seeking to compel arbitration as third-party beneficiaries; rather, they cite the arbitration clause as relevant to the issues of personal jurisdiction and venue. (Pls.' Br. 7.)

## DISCUSSION

**I.    Legal Standards**

"[A] federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'" *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007).  In particular, under 28 U.S.C. § 1406(a), a court may transfer an improperly venued case "whether the court in which it was filed had personal jurisdiction over the defendants or not."  *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962).  Indeed, "'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by . . . 'time-consuming and justice-defeating technicalities.'"  *Id.* at 467.

"The venue of suits for infringement of copyright is not determined by the general provision governing suits in the federal district courts."  *Lumiere v. Mae Edna Wilder, Inc.*, 261 U.S. 174, 176 (1923) (Brandeis, J.).  Instead, civil actions "arising under" federal copyright law are governed by a special venue provision, 28 U.S.C. § 1400(a).  *See Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, No. 12-929, 2013 WL 6231157, at *6 n.2 (U.S. Dec. 3, 2013) (noting that § 1400 "identif[ies] proper venue for copyright and patent suits," while "[s]ection 1391 governs 'venue generally,' that is, in cases where a more specific venue provision does not apply").  That statute provides that copyright cases are properly venued "in the district in which the defendant or his agent resides or may be found."  Courts have held that "[a] defendant 'may be found' in any district in which he is subject to personal jurisdiction."  *E.g.*, *Lipton v. The Nature Co.*, 781 F. Supp. 1032, 1035 (S.D.N.Y. 1992), *aff'd*, 71 F.3d 464 (2d Cir. 1995); *Capitol Records, LLC v. VideoEgg, Inc.*, 611 F. Supp. 2d 349, 365 (S.D.N.Y. 2009).

Personal jurisdiction, in turn, is authorized by "the long-arm statute of the forum state"

and limited by "the requisites of due process." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001). New York's long-arm statute "provides, in pertinent part, that a court 'may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state,' so long as the plaintiff's 'cause of action aris[es] from' that 'transact[ion].'" *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 60 (2d Cir. 2012) (quoting N.Y. C.P.L.R. § 302(a)).[3] "The New York Court of Appeals has explained that 'the overriding criterion necessary to establish a transaction of business is some act by which the defendant purposefully avails itself of the privilege of conducting activities within New York,' thereby 'invoking the benefits and protections of its laws.'" *Id.* at 61 (citations omitted). "[T]he ultimate determination is based on the totality of the circumstances." *Sunward Electronics, Inc. v. McDonald*, 362 F.3d 17, 23 (2d Cir. 2004).

## II.     Analysis

Here, there is no basis upon which any Defendant "may be found" in this District to support venue under 28 U.S.C. § 1400(a).[4] Defendants' sole connection with New York is that they purchased the licenses at issue through Getty's website and consented to an adhesive contract that included a New York choice-of-law clause and a New York arbitration clause. Defendants cannot reasonably be charged with knowing that the division within Getty that was responsible for handling Plaintiffs' photographs was in New York. And while Defendants are bound by the terms of any license agreements to which they consented, the presence of the cited

---

[3] The other bases for personal jurisdiction in Section 302(a)—*e.g.*, a "tortious act within the state" or "causing injury to person or property within the state"—have not been raised here. (*See* Pls.' Br. 8 (arguing personal jurisdiction on the basis that Defendants "transacted business" in New York).)

[4] Although Plaintiffs also assert a fraud claim, the venue determination is governed by the copyright venue statute because the asserted basis for federal subject matter jurisdiction is that the case "arises under" federal copyright law. *See* 28 U.S.C. § 1400(a).

clauses referring to New York does not demonstrate that Defendants "purposefully avail[ed] [themselves] of the privilege of conducting activities within New York." *Cf. Sandoval v. Abaco Club on Winding Bay*, 507 F. Supp. 2d 312, 316 (S.D.N.Y. 2007) ("[T]he mere existence of a contract with a New York corporation is not sufficient to constitute the transaction of business under § 302(a)(1) of the CPLR."). Nor is this a case where Defendants have "actively 'project[ed]' [themselves] into New York events, such as by actively participating in a New York art auction by telephone." *Worldwide Futgol Assocs. v. Event Entm't, Inc.*, 983 F. Supp. 173, 177 (E.D.N.Y. 1997) (citing *Parke–Bernet Galleries, Inc. v. Franklyn*, 256 N.E.2d 506, 508 (N.Y. 1970)).

Because this District is the "wrong" venue for this case, the Court may "transfer [the] case to any district or division in which it could have been brought," provided that "it be in the interest of justice." 28 U.S.C. § 1406(a).[5] The Court finds it in the interest of justice to transfer this case to the Western District of Wisconsin to prevent further delay. The requirements of personal jurisdiction and venue are clearly satisfied there with respect to the Zimpriches, who allegedly engaged in the infringing conduct in Madison, Wisconsin.

---

[5] Defendants' reference to the doctrine of *forum non conveniens* is inapposite. That doctrine was codified into 28 U.S.C. § 1404(a) for cases where, as here, "the transferee forum is within the federal court system." *Atl. Marine*, 2013 WL 6231157, at *10. The Court need not address the various factors cited by the parties regarding "the convenience of the parties and the witnesses" under § 1404(a) because the Court transfers the case instead under § 1406(a), which merely requires that venue be "wrong" and transfer in the "interest of justice." *See generally* 15 Wright, Miller, et al., *Federal Practice & Procedure* § 3842 (4th ed.) ("Section 1404(a) presupposes that the district court in which suit was filed is a proper venue.").

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to TRANSFER this action to the United States District Court for the Western District of Wisconsin pursuant to 28 U.S.C. § 1406(a).

Dated: New York, New York
       December  13 , 2013

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge
